**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**CAROLYN L. WARDEN**,

                              Plaintiff,

        v.                                              **DECISION AND ORDER
17-CV-1310-A**

**NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY**,

                              Defendant.

---

## INTRODUCTION

Plaintiff Carolyn L. Warden ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 13 and 17). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Plaintiff's motion for remand and **DENIES** the Commissioner's motion for judgment on the pleadings.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that remand is required because a gap exists in the record regarding Plaintiff's functional limitations after her double knee replacements. Additionally, Plaintiff argues the ALJ failed to address treating orthopedic surgeon Dr. Buran's December 2014 opinion and failed to adequately explain why Plaintiff

did not meet or equal Listing 1.03. The Court agrees, in part, and will remand this matter for further administrative proceedings.

Plaintiff, born February 8, 1969, finished high school and had been gainfully employed as a clothing retail store manager from 1992 until her alleged disability onset date of January 27, 2012. (Tr. 173, 194, 185). Plaintiff alleges disability due to osteoarthritis in both knees and obesity. (Tr. 573, 422-47). Plaintiff underwent bariatric surgery in June of 2013 to assist in weight loss and underwent bilateral knee replacement surgery (two separate procedures) in 2014. (Tr. 236-52, 265-343, 350-86, 613-1039). In June of 2016, Plaintiff's treating orthopedic surgeon concluded that additional surgery would probably be required on her right knee to correct patellar instability due to a probable tear in the medial retinaculum. (Tr. 658; *see* 439-40.)

After a hearing in August of 2017, and at step four of the five-step procedure for assessing disability, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1467(a), with additional limitations to include, among others, a sitting/standing option, the need to use a cane with her dominant hand while ambulating, and being off-task (in addition to regularly scheduled breaks) for about five minutes for every 45 minutes of work. (Tr. 394). The ALJ principally relied on medical opinion evidence from December 2013 or earlier which predates Plaintiff's 2014 knee surgeries. *See* (Tr. 397-98, 640-41). Those records also predate her apparently torn medial retinaculum diagnosed in June of 2016—at which time treating orthopedic surgeon Dr. Buran indicated Plaintiff would "probably" require further surgery. (Tr. 657-58; *see* Tr. 439-40).

Plaintiff argues that the ALJ clearly acknowledged a gap in treatment records after June of 2016 and erred in not developing that record. Plaintiff further argues the ALJ then improperly assumed that the lack of treatment records indicated that Plaintiff was not treated and no longer needed medical care. Plaintiff also argues that because the ALJ heavily relied on evidence prior to the two knee surgeries, the ALJ erred in relying on stale evidence. The Court agrees.

Generally, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no

obligation to seek additional information . . . ." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Harris v. Berryhill*, 293 F.Supp.3d 365, 369 (W.D.N.Y. 2018) ("[t]he fact that the essential treatment records were requested, but not received, does not obviate the ALJ's independent duty to develop the record, . . .). But the ALJ's affirmative obligation to develop the medical record applies even when the claimant is represented by an attorney. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (the ALJ must develop the record even where the plaintiff has legal counsel).

Further, an "ALJ should not rely on 'stale' opinions—that is, opinions rendered before some significant development in the claimant's medical history." *Robinson v. Berryhill*, No. 1:17-CV-00362-LJV-JJM, 2018 WL 4442267, at *4 (W.D.N.Y. Sept. 17, 2018) (citing *Jones v. Colvin*, 2015 WL 4628972, at *4 (W.D.N.Y. Aug. 3, 2015)). Medical source opinions that are "conclusory, stale, and based on an incomplete medical record" may not be substantial evidence to support an ALJ's RFC finding. *Griffith v. Astrue*, No. 08–CV–6004, 2009 WL 909630, at *9 n.9 (W.D.N.Y. July 27, 2009). Though, "[t]he mere passage of time does not render an opinion stale. Instead, a medical opinion may be stale if subsequent treatment notes indicate a claimant's condition has deteriorated." *Whitehurst v. Berryhill*, 2018 WL 3868721, *4 (W.D.N.Y. 2018).

While generally doing well in recovery in the months after both knee replacement surgeries, in April of 2015, Plaintiff began reporting pain and other issues with her knees again. For example, she was taking Lortab every four hours for knee pain, limped on occasion, and reported feeling weakness. (Tr. 650). Dr. Buran noted on November 5, 2015 that Plaintiff "seemed to have plateaued" in terms of recovery. (Tr. 654). Dr. Buran noted that Plaintiff was unable to walk long distances and continued to take Lortab every four hours for pain. Her patella mobility had diminished in the left knee and both knees were tender over the patella region. (Tr. 654). And in the period leading up to the June of 2016 appointment with Dr. Buran that led him to conclude that further surgery would probably be required on claimant's right knee, her self-reported knee impairments worsened. (Tr. 429-30, 432, 436-40). But no medical records or other evidence shows what transpired after that June of 2016 appointment.

The ALJ specifically acknowledged the gap in the record:

> It is unclear though how much the claimant['s knees] improved, because treatment notes stop after June of 2016. The fact that she received no further treatment after this date also suggests that she had improved enough to stop going for treatment.

(Tr. 398). The ALJ continued:

> The record does not contain any more recent opinions after the claimant's [knee-replacement] surgeries showing that she continued to have the exertional or non-exertional limitations that she alleged.

(Tr. 399). The ALJ assumed that the claimant received no further treatment before June 30, 2017, the last date insured, and based on that assumption, the ALJ discounted Plaintiff's testimony about her functional limitations. (Tr. 399). That was an error, and the Court finds no basis in the administrative record to find the error harmless.

The Commissioner argues strenuously that the ALJ reached an agreement with Plaintiff's counsel for counsel to supplement the hearing record, and that counsel breached agreement and thereby relieved the ALJ of her duty to complete the record. *See* (Dkt. 17-1, 7-11). But the only agreement-to-supplement between the ALJ and counsel concerned records of Plaintiff's post-operative check-ups concerning Plaintiff's gastric bypass and had nothing to do with Plaintiff's knees and related limitations. (Tr. 457). And the ALJ told the claimant:

> . . . assuming that I don't believe that I need any additional information, a written Decision will be issued in your case as soon as possible. If after reviewing all the evidence I do believe that there's additional information that I need, then of course, you and your representative will get notice of that.

(Tr. 458)[1].

---

[1] The Commissioner's citation of the Summary Order in *Jordan v. Comm'r of Soc. Sec.*, 142 F.App'x 542, 543 (2d Cir. 2005) to stave off remand ignores that the ALJ's arrangement with counsel to supplement the record concerned gastric-bypass post-operative care, not knee-replacement post-operative care, and ignores that the ALJ told the claimant she and her counsel would be given notice of the gap in the medical records. The Commissioner's further assertion that the agency sent Plaintiff and her counsel a "reminder" to supplement the record in March of 2017, (Dkt. 17-1, 9, citing Tr. 410-11), based upon a form letter that did not purport to be a reminder to supplement the record is similarly unhelpful.

Because that the ALJ had incomplete medical documentation of Plaintiff's functional limitations after multiple surgeries relevant to Plaintiff's alleged disability, and because the evidence the ALJ relied on was about four years old as of the date of the ALJ's determination, the Court finds that the ALJ's decision is not based on substantial evidence and that remand to obtain an assessment of Plaintiff's functional limitations is warranted.

Plaintiff has put forth two additional arguments why she contends the ALJ's decision was not supported by substantial evidence. "However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach [these issues]. *Will o/b/o C.M.K. v. Comm'r of Soc. Sec.*, 366 F.Supp.3d 419 (W.D.N.Y. 2019) (citing *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016)) ("declining to reach arguments 'devoted to the question whether substantial evidence supports various determinations made by [the] ALJ' where the court had already determined remand was warranted").

## CONCLUSION

For the reasons discussed above, the Plaintiff's motion for remand (Dkt. 13) is granted and the Commissioner's motion for judgment on the pleadings (Dkt. 17) is denied. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

          *__s/Richard J.Arcara_____*
          **HONORABLE RICHARD J. ARCARA**
          **UNITED STATES DISTRICT COURT**

**Dated:** July 3, 2019